IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ELIZABETH THOMAS,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | **ADVERSARY NO.: 24-03066** |
| § | |
| **MERITAGE HOMES OF TEXAS,** § | |
| **Et Al.** § | |
| *Defendants.* § | |

## PRIMARY RESIDENTIAL MORTGAGE INC.'S AND MERITAGE HOMES OF TEXAS, LLC'S MOTION FOR COMPENSATION

TO THE HONORABLE JUDGE OF SAID COURT:

Primary Residential Mortgage, Inc. ("PRMI") and Meritage Homes of Texas, LLC ("Meritage") file this Motion for Compensation and show as follows:

### PROCEDURAL BACKGROUND

1. On April 23, 2024, this Court, *sua sponte*, issued its ORDER REQUIRING ELIZABETH THOMAS AND JAMES M. ANDERSEN TO PERSONALLY APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT AND SANCTIONED UNTIL THEY CEASE THEIR CONTEMPTUOUS BEHAVIOR. Dkt. 5. The Court's Order referenced Court Orders entered by various judges in the Southern District of Texas on April 16, 2019, February 16, 2023, and March 30, 2023, that were violated.

2. On April 29, 2024, this Court issued its REMAND ORDER, which applied to all cases that Ms. Thomas and Mr. Andersen claimed to have removed. Dkt. 11. The remand applied to Cause No. 2016-87941, Cause No. 2017-76078, Cause No. 2017-83288, and Cause No. 2017-04089. PRMI and Meritage were not parties in Cause No. 2016-87941.

3. On May 1, 2024, this Court conducted a show cause hearing related to the ongoing violations of Court Orders by Elizabeth Thomas and her attorney, James M. Andersen.

4. Under questioning by the Court, Ms. Thomas and Mr. Andersen admitted to their willful violations of the Orders referenced by this Court. *See* Exhibit A, Hearing Tr. 3:18-6:16.

5. In response to the Court's questions at the hearing, Ms. Thomas and Mr. Andersen acknowledged they were aware that they owe money to compensate other parties for their intentional violation of Court Orders. Hearing Tr. 6:18-21. The Court advised them that he would "set up a process where you're going to reimburse them for what it cost them because you violated intentionally court orders." *Id.* at 7:15-17.

6. After an agreement was reached to dismiss with prejudice Ms. Thomas's claims against MTH Lending Group, L.P., the Court stated the following:

> And you understand that any compensatory relief that might be sought by any other defendant who you don't have a deal with, that they can still seek that here because of what you all did. So this doesn't resolve the matters before me. It only resolves your matters with Mr. Holidy's client.

*Id.* at 15:20-25. Both Mr. Andersen and Ms. Thomas acknowledged under oath that this Court could impose compensatory sanctions sought by any other defendant in connection with these violations. *Id.* at 16:1-3 and 16:11-14.

7. The Court then set forth the process by which PRMI and Meritage could obtain a hearing to determine the appropriate amount of compensation as a consequence of wrongful removal, if any. *Id.* at 18:3-19:19. In compliance with that process, PRMI and Meritage petition the Court for such compensation.

**ORDERS PROHIBITING REMOVAL WITHOUT PRIOR PERMISSION**

8. As this Court has noted, at the May 1st hearing and in its April 23rd Order, Ms. Thomas and Mr. Andersen have violated multiple Court Orders. These violations include the following:

    a. Judge Hittner entered two separate Orders in Civil Action H-19-559 on April 16, 2019. The first Order on that day granted PRMI and Meritage's Joint Motion to Remand and For Further Equitable Relief and ordered Elizabeth Thomas and two of her Aligned Parties (Robert Thomas and James Allen) to pay attorneys' fees to PRMI and Meritage in connection with the wrongful removals in the amount of $3,318.00 (Exhibit B). Those fees have not been paid. The second Order, titled Order of Sanctions and Preclusion, enjoined Ms. Thomas from removing Cause No. 2018-91506, Cause No. 2017-76078, Cause No. 2017-83288 unless she first obtained leave from the Chief Judge of the Southern District of Texas (Exhibit C).

    b. Judge Bennett issued an Order in Civil Action 22-705 on February 16, 2023, expanding Judge Hittner's Order to prohibit Ms. Thomas from "any and all removals from any Harris Country District Court" without advance written permission from the Chief Judge of the Southern District of Texas (Exhibit D); and

    c. Judge Hanks issued an Order in Civil Action 22-742 on March 30, 2023, further expanding the prohibition against further removals by Ms. Thomas "to include all parties" (Ms. Thomas's Aligned Parties) and stating, "Any attempt by any party to remove this case without obtaining the required permission. . . may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel" (Exhibit E). In footnote 5 of Exhibit E, Judge Hanks identified "this case" as State Court Cause No. 2017-76078.

## MULTIPLE REMOVALS WITHOUT PRIOR PERMISSION

9.    Despite these multiple Orders, the removals continued without leave being sought or granted, as demonstrated in the following timeline:

| | |
|---|---|
| 4.16.2019 | Judge Hittner entered two Orders (Exhibits B and C). |
| 2.01.2022 | One day after an unfavorable ruling by the State Court Judge, Ms. Thomas filed Notice of Removal of Cause No. 2018-14171 (Exhibit F). PRMI was a party in that case; Meritage was not. The case was assigned to Judge Norman under Adversary No. 22-03021. |
| 2.09.2022 | Judge Norman issued an Order Dismissing and Remanding Case, *sua sponte*, in Adversary No. 22-03021 (Exhibit G). |
| 2.11.2022 | Ms. Thomas filed a second Notice of Removal of Cause No. 2018-14171 (Exhibit H). As noted above, PRMI was a party in that case, but Meritage was not. The case was assigned to Judge Isgur under Adversary No. 22-03024 and is still pending. |

| | |
|---|---|
| 3.07.2022 | Ms. Thomas filed an Amended Notice of Removal of Cause No. 2020-35780. Neither PRMI nor Meritage was a party to this related matter. The matter was assigned to Judge Bennett under Civil Action 22-705 (Exhibit I). |
| 3.09.2022 | Attorney Colleen McClure filed an Amended Notice of Removal of Cause No. 2017-76078 on behalf of Alvin R. Mullen, one of the parties aligned with Ms. Thomas (Exhibit J). This matter was assigned to Judge Hanks under Civil Action 22-742. |
| 2.16.2023 | Judge Bennett issued an Order in Civil Action 22-705 that expanded Judge Hittner's Orders (Exhibit D). |
| 3.30.2023 | Judge Hanks issued an Order in Civil Action 22-742 that also expanded Judge Hittner's Orders (Exhibit E). |
| 4.11.2024 | Mr. Andersen filed a Notice of Removal for Ms. Thomas in Cause No. 2016-87941 (Exhibit K). PRMI and Meritage were non-suited from this case several years ago. Ms. Thomas later named them as parties in an amended petition but never served them, and PRMI and Meritage have not appeared in the lawsuit. |
| 4.23.2024 | This Court issued its Show Cause Order. Dkt. 5. |
| 4.25.2024 | Mr. Andersen filed a Notice of Removal in Cause No. 2017-76078, attaching a copy of the Notice of Removal of Cause No. 2016-87941 that he had previously filed. The April 25th Notice claimed that the prior Notice applied to 2017-76078, and the Notices contained misleading statements and caption information in that they indicate all of the referenced cases had been consolidated into one case when they had not, in fact, all been consolidated.[1] |

## MONETARY COMPENSATION DUE TO PRMI AND MERITAGE

10. Because of the wrongful removals in violation of Court Orders, PRMI and Meritage have incurred expenses and costs. PRMI and Meritage seek monetary compensation from Ms. Thomas and Mr. Andersen as a consequence of their violations of the Court Orders set forth herein.

---

[1] Only three State Court cases were consolidated: Cause No. 2017-76078, Cause No. 2017-82388, and Cause No. 2018-91506 were consolidated by Court Order on January 30, 2019 (Exhibit L). Cause No. 2016-87941 is pending separately.

11. Ms. Thomas has been sanctioned monetarily multiple times, including, but not limited to, monetary sanctions awarded to PRMI and Meritage by Judge Hittner for $3,318.00 (Exhibit B), which she has not paid.

12. Monetary sanctions have also previously been levied against Mr. Andersen. The Fifth Circuit Court of Appeals ordered him and attorney Colleen McClure (another attorney who has represented Ms. Thomas and several of her Aligned Parties), jointly and severally, to pay PRMI $9,330.60 and to pay Meritage $2,130.00, which they have not paid (Exhibit M).

13. Because none of the previous monetary sanctions have been paid, PRMI and Meritage ask the Court to assist with setting up a process to ensure that PRMI and Meritage are reimbursed for the costs they have incurred as a result of the intentional violation of Court Orders, as well as payment of the previous monetary sanctions, if the Court deems it appropriate.

## COMPENSATION SOUGHT BY PRMI

14. Ms. Thomas, represented by Mr. Andersen, first sued PRMI in connection with the meritless claims made in this matter in 2011, in Cause No. 2011-21651, in Harris County District Court. Since that time, PRMI has been subject to multiple frivolous lawsuits by Ms. Thomas and her Aligned Parties and has incurred over $308,000 in legal fees and expenses related to these matters. Despite these enormous litigation costs, the merits of the claims have never been heard and decided. Each time a substantive hearing or trial approaches, Ms. Thomas or one of her Aligned Parties removes the case, files bankruptcy, moves to recuse the Harris County judge, or files a dismissal or non-suit, then re-files the case. PRMI has been subject to these ongoing filings for over 12 years.

15. As set forth in the Affidavit of counsel for PRMI, Gwen E. Richard, and the attached time records, PRMI seeks $14,805.00 in legal fees and expenses as compensation for Ms. Thomas's and Mr. Andersen's violation of the various Federal Court Orders (Exhibit N).

## COMPENSATION SOUGHT BY MERITAGE

16. Ms. Thomas, represented by Mr. Andersen, first sued Meritage regarding the meritless claims made in this matter in 2014 in Cause No. 2014-54729, in Harris County District Court. Since then, Meritage has been subject to multiple frivolous lawsuits by Ms. Thomas and her Aligned Parties and has incurred over $287,000 in legal fees and expenses. Despite these enormous litigation costs, Meritage has never been able to have the merits of the claims heard because each time a substantive hearing or a trial is approaching, Ms. Thomas or one of her Aligned Parties removes the case, files bankruptcy, moves to recuse the Harris County judge, or dismisses and re-files the case. This has been going on for 10 years.

17. As set forth in the Affidavit of counsel for Meritage, Kimberly G. Altsuler, and the attached time records, Meritage seeks $6,840.00 in legal fees and expenses as compensation for Ms. Thomas's and Mr. Andersen's violation of the various Federal Court Orders (Exhibit O).

## CONCLUSION

For these reasons, Primary Residential Mortgage, Inc. and Meritage Homes of Texas, LLC, ask the Court to grant this Motion for Compensation; to impose monetary sanctions on Elizabeth Thomas and James M. Andersen, jointly and severally, awarding PRMI and Meritage the fees and costs set forth in this motion and attached Affidavits; and to put a process in place for payment of same.

        Respectfully submitted,

**IRELAN MCDANIEL**
A Professional Limited Liability Company

By:    */s/ Gwen E. Richard*
        Gwen E. Richard
        State Bar No. 16842730
        2520 Caroline St., 2nd Floor
        Houston, Texas 77004
        Phone: 713.222.7666
        Fax:    713.222.7669
        Email: grichard@imtexaslaw.com

**ATTORNEY FOR PRIMARY RESIDENTIAL MORTGAGE, INC.**

**PECKAR & ABRAMSON, P.C.**

By:    */s/ Kim Altsuler*
        Kim Altsuler
        Federal Bar No. 21838
        State Bar No. 00796656
        kaltsuler@pecklaw.com
        1717 West Loop South, Suite 1400
        Houston, TX 77027
        Telephone: 713-568-1500
        Facsimile:  713-568-1490

**ATTORNEY FOR MERITAGE HOMES OF TEXAS, LLC**

**CERTIFICATE OF SERVICE**

      I certify that on May 15, 2024, a copy of Primary Residential Mortgage, Inc. and Meritage Homes of Texas, Inc.'s Motion for Compensation was served by email and by filing it with the Court's Case Management/Electronic Case Files system, as follows:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email:  jandersen.law@gmail.com

Dale M. Holidy
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Email:  holidyefile@germer.com

                                      */s/ Gwen E. Richard*
                                      Gwen E. Richard