IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

ELIZABETH THOMAS,
    *Plaintiff,*                                          ADVERSARY NO.: 24-03066

v.

MERITAGE HOMES OF TEXAS LLC
F/K/A MERITAGE HOMES OF TEXAS
LP. F/K/A LEGENCY MONTERY MTH
LENDING GROUP L.P, MERITAGE
HOMES CORPORATION F/K/A
MERITAGE HOMES F/K/A LEGACY
MONTEREY HOMES LP. PRIMARY
RESIDENTIAL MORTGAGE INC,
MARY A. LESTER, STEWAR TITLE
COMPANY, STEWART TITLE
GUARANTY COMPANYAND
MIRAMAR LAKE HOMEOWNERS
ASSOCIATION
    *Defendants.*

_____

**OBJECTION AND MOTION TO STRIKE PORTIONS
OF PRIMARY RESIDENTIAL MORTGAGE INC,
AND MERITAGE HOMES OFTEXAS, LLC'S
MOTION FOR COMPENSATION**

_____

**TO THE HONORABLE JUDGE OF SAID COURT**:

Attorney James M. Andersen and Elizabeth Thomas files this Objection and Motion to Strike Portions of Primary Residential Mortgage Inc. and Meritage Homes of Texas LLC, Motion for Compensation and for cause shows the Court:

**RESPONSE: MATTERS ALREADY RESOLVED AND NOT SUBJECT TO REVIEW**

1. On May 1, 2024, the court held a contempt hearing on the Court April 23, 2024, "Order to Show Cause for Contempt" in regard to Attorney James M. Andersen ("Andersen") and Elizabeth Thomas ("Thomas"), willfully violation U.S. District Court prior contempt orders

issued on April 16, 2019, U.S. District Court (in Civil Action 19-559) enjoined Elizabeth Thomas from "filing any notice of removal from the 127th Judicial District Court of Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078 and Cause No. 2017-83288" without obtaining advance written permission from the Chief Judge of the United States District Court for the Southern District of Texas. On February 16, 2023, U.S. District Court (in Civil Action 22-706), expanded the April 16, 2019, order and enjoined" any and all removals from any Harris County District Court" by Elizabeth Thomas. On March 30, 2023, the U.S. District Court (in Civil Action 22-742) further expanded the prohibition by providing that "no party may remove [the remanded case] to this Court without advance written permission from the Chief Judge of the Southern of Texas." The order then states that sanctions for violations could be imposed against the removing party "and its counsel." Attorney James M. Andersen and Elizabeth Thomas violated the three (3) above-mention contempt orders by without advance written permission from the Chief Judge of the Southern District of Texas by:

a. On April 11/25, 2024 James M. Andersen filed on behalf of Elizabeth Thomas filed, a Notice of Removal in the U.S. Southern District Court removing from the 333rd District Court Harris County, Texas Case No. **2016-87841** parties; *Elizabeth Thomas vs. Meritage Homes of Texas LLC, f/k/a/ Meritage Homes of Texas LP, Legecy Monterey Homes L.P., MTH Lending Group LP, Primary Residential Mortgage Inc. Mary A. Lester. Stewart Title Company, Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy Montery Homes* Case No. **2017-78078** parties: *Elizabeth Thomas Meritage Homes of Texas LLC, f/k/a/ Meritage Homes of Texas LP, Legacy Monterey Homes L.P., MTH Lending Group LP, Primary Residential Mortgage Inc. Mary A. Lester. Stewart Title Company, Meritage Homes Corporation f/k/a Meritage Corporation f/k/a Legacy Monteery Homes and Stewart Title Guaranty Company*;Case No. **2017-82388** . parties *Elizabeth Thomas vs. Meritage Homes of Texas LLC, f/k/a/ Meritage Homes of Texas LP, Legacy Montery Homes L.P. and Stewart Title Company Guaranty Company*, and Case No. **2017-0408** parties: *Miramar Lake Homeowners Association vs. Elizabeth Thomas* [Doc. 1]. [On January 13, 2022, the Honorable Judge Sean H. Lane U.S.B.J. for the Southern District of New York issued a remand order remanding parties named in case Nos. 2016-87841, 2017-78078, 2017-82388 and 2017-0408 to the 333rd District Court Harris County, Texas into Case No. **2016-87841].**

b. James M. Andersen and Elizabeth Thomas filed the April 11/25, 2024, Notice of Removal in the U.S. Southern District of Texas Court without advance written permission from the Chief Judge of the Southern District of Texas.

c. On April 23, 2024 the court issued a Order requiring Elizabeth Thomas and James M. Andersen to personally appear and "Show Cause " why they should not held in Contempt of Court and Sanction until they Cease their contemptuous behavior of removing the cases in violation of April 16, 2019, February 16, 2023 and March 30, 2023, contempt orders. The order also provides that Ms. Thomas and Mr. Andersen may purge their contempt at any time by withdrawing the notice of removal with prejudice against refilling.

d. On April 28, 2024, Ms. Thomas and Mr. Andersen filed a "Withdrawal of Notices of Removal with Prejudice and purge their contempt. [Doc. 10.] and resolved the issues of contempt.

e. On April 29, 2024, the Court issued a Remand Order remanding all above named parties in Case No. 2016-87841, Case No. 2017-78078, Case No. 2017-82388 and Case No. 2017-0408 back to the 333rd District Court Harris County Texas. [Doc. 11]. and resolved the removal and remand issues.

2. To the extent that Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, is seeking a review of this court and prior courts remand orders such request is prohibited under 28 U.S.C. § 1452(b), which in the main is titled "Removal of causes of action or claims related to bankruptcy cases"

**Reads**: The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. 28 U.S.C. § 1452(b) (emphasis added).

3. Section 1452(b) plainly and unambiguously bars appellate review of remand orders by this courts the Court of Appeals or the U.S. Supreme Court All issues regarding the April of 2024, removals and remand have already been resolved and are no longer subject to review.

### MATTERS PENDING BEFORE COMPENSATION

4. The courts April 23, 2024, orders that although the Ms. Thomas and Mr. Andersen

may purge their contempt at any time by withdrawing the notice of removal with prejudice against refiling, any adversely affected party may nevertheless seek appropriate compensation relief for the violation of said mention previously entered orders, which compensatory relief will be considered after notice and hearing.

5. At the contempt hearing on May 1, 2024, the court extensively and in detailed question Ms. Thomas and Mr. Andersen, if they were aware of the contempt orders issued on April 16, 2019 February 16, 2023, and. March 30, 2023. Ms. Thomas and Mr. Andersen acknowledged that they were aware of the existence of said three (3) contempt orders.

6. At the contempt hearing on May 1, 2024, the court ruled that since Ms. Thomas and Mr. Andersen were aware of the existence of the April 16, 2019 February 16, 2023, and. March 30, 2023, contempt orders and filed the April 11, 2024, Notice of Removal in violation of those Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, would be entitled to compensatory relief for April 11, 2024 removal and for the violation of the prior April 16, 2019 February 16, 2023, and. March 30, 2023, contempt orders.

7. Civil contempt is used to compensate a party that has "suffered unnecessary injuries or costs because of contemptuous conduct." Id. at 78 (citing *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 962 (5th Cir. 1995)).

**MOTION TO STRIKE REQUEST TO REVIEW PRIOR REMANDS ORDERS**

8. Again, at the contempt hearing on May 1, 2024, the court ruled that since Ms. Thomas and Mr. Andersen were aware of the existence of the April 16, 2019, February 16, 2023, and. March 30, 2023, contempt orders and filed the April 11/25, 2024, Notices of Removals in violation of those orders Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, were entitled to compensatory relief for April 11/25, 2024 removals and for violation of

the prior April 16, 2019, February 16, 2023, and. March 30, 2023, contempt orders.

9. The court instructed Meritage Homes of Texas LLC., and Primary Residential Mortgage Inc., filed a "Motions for Compensation" for Ms. Thomas and Mr. Andersen violation of contempt orders April 16, 2019, February 16, 2023, and. March 30, 2023, contempt orders and for filing the April 11/25, 2024, "Notice of Removal" in violation of said prior orders.

10. Instead of Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, complying with the courts May 1, 2024, order to file a "Motion for Compensation" is in substance seeking review of prior notice of removals and prior remand orders.

11. On May 15, 2024, Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, filed what is titled as a "Motion for Compensation" which in substance seeks this court to review prior notice of removals and remands stems back to the year of 2022, and determine if they whether are not they were names as parties to said notice of removals and remand orders and seeks the court to reconsider *its own remand orders.* **[ Doc. 21].**

12. On May 15, 2024, Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, created a section in their "Motion for Compensation" titled as "Multiple Removals without Prior Permission" which gives the illusion" that these newly listed cases for the year of 2022, were never before the court on May 1, 2024, or listed in the Courts April 23, 2024 "Show Cause" subject to contempt sanctions.

| | |
|---|---|
| 4.16.2019 | Judge Hittner entered two Orders (Exhibits B and C). |
| 2.01.2022 | One day after an unfavorable ruling by the State Court Judge, Ms. Thomas filed Notice of Removal of Cause No. 2018-14171 (Exhibit F). PRMI was a party in that case; Meritage was not. The case was assigned to Judge Norman under Adversary No. 22-03021. |
| 2.09.2022 | Judge Norman issued an Order Dismissing and Remanding Case, *sua sponte*, in Adversary No. 22-03021 (Exhibit G). |

| | |
|---|---|
| 2.11.2022 | Ms. Thomas filed a second Notice of Removal of Cause No. 2018-14171 (Exhibit H). As noted above, PRMI was a party in that case, but Meritage was not. The case was assigned to Judge Isgur under Adversary No. 22-03024 and is still pending. |
| 3.07.2022 | Ms. Thomas filed an Amended Notice of Removal of Cause 2020-35780. Neither PRMI nor Meritage was a party to this related matter. The matter was assigned to Judge Bennett under Civil Action 22-705 (Exhibit I). |
| 3.09.2022 | Attorney Colleen McClure filed an Amended Notice of Removal of Cause No. 2017-76078 on behalf of Alvin R. Mullen, one of the parties aligned with Ms. Thomas (Exhibit J). This matter was assigned to Judge Hanks under Civil Action 22-742. |
| 4.11.2024 | Mr. Andersen filed a Notice of Removal for Ms. Thomas in Cause No. 2016-87941 (Exhibit K). PRMI and Meritage were non-suited from this case several years ago. Ms. Thomas later named them as parties in an amended petition but never served them, and PRMI and Meritage have not appeared in the lawsuit. |
| 4.25.2024 | Mr. Andersen filed a Notice of Removal in Cause No. 2017-76078, attaching a copy of the Notice of Removal of Cause No. 2016-87941 that he had previously filed. The April 25th Notice claimed that the prior Notice applied to 2017-76078, and the Notices contained misleading statements and caption information in that they indicate all of the referenced cases had been consolidated into one case when they had not, in fact, all been consolidated. |

12. In support of Primary Residential Mortgage Inc., and Mertiage Homes of Texas LLC, intent on June 10, 2024, to hold a trial and re-litigate the above-mention prior notice of removals and remand orders and for this court to review its own May 29, 2024, remand order they have produced a Exhibit list that *only* contains prior and present notice of removals and remand orders. *See*: **Exhibit** . 1. Attached hereto.

13. In the year of 2019 and 2022, Attorney Kim Altsuler represented Meritage Homes of TexasLLC., as employee the Coats & Rose law firm and contrary to her affidavit the firm states that she is no longer employed by said firm to litigate their claims before this court. In In the year of 2019 and 2022, Primary Residential Mortgage Inc., was represented by the Attorney

Jennifer Chang who was employed with the McKinney Taylor P.C. law firm. Attorney Gwen E. Richards, and Irelan McDaniel PLLC, law firm do not have any authority to represent the McKinney Taylor P.C. on their claims. Moreover the above-mention prior remand order are not contained in the court April 23, 2024, order to show cause and was never before the court on May 1, 2024.

### OBJECTION TO RELITIGATE PRIOR REMAND ORDERS

14. The Court has set a in person hearing for June 10, 2024, at 1:30, on what should have been a simple compensation hearing based specifically on the Courts May 1, 2024 contempt hearing which instructed Primary Residential Mortgage Inc, and Mertiage Homes of Texas LLC to file a motion for compensation stemming directly from Attorney James M. Andersen and Elizabeth Thomas violation of the April 11/25, 2024 removals and for the violation of April 16, 2019 February 16, 2023, and. March 30, 2023, contempt orders.

15. Instead Primary Residential Mortgage Inc, and Mertiage Homes of Texas LLC, has filed a motion seeking this court to review the history of prior notice of removals and remand order and determine whether they were named as parties to said notice of removals and remand order and seeks the court to review its own remand order; and

16. Primary Residential Mortgage Inc, and Mertiage Homes of Texas LLC., Motion is prohibited by law Section 1452(b) plainly and unambiguously bars review of prior remand orders by this Court, the Court of Appeals or the U.S. Supreme Court. Few statutes read more clearly than Section 1452(b) which clearly states that an order remanding a case to the State court is not reviewable on appeal or otherwise. E.g., *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986);

17. "Review is unavailable no matter how plain the legal error in ordering the remand." <u>Briscoe v. Bell</u>, 432 U.S. 404, 413-14 (1977). Remand order cannot be reviewed even by the SCOTUS on appeal or certiorari from final judgment in state court. E.g., Metropolitan Cas. Ins. Co. v. Stevens, 312 U.S. 563, 568 (1941). Further, state courts are bound by Federal District Court's remand order and must treat it as valid. *See Resolution Trust Corp. v. Warwick Nurseries, Ltd.,* 675 A.2d 730, 732 (Pa. Super. 1996) ("state courts are bound by the judgment of federal courts" and must give federal proceedings full faith and credit (citation omitted)).

18. The U.S. Supreme Court's decision in *City of Waco v. United States Fidelity and Guaranty Co.,* 293 U.S. 140 (1934), underscores that once a case has been remanded to state court ***that remand order cannot be undone***. Significantly, the Waco Court explained that a district court has no jurisdiction to reconsider its own remand order as the remand order to state court is the event that formally transfers jurisdiction from a district court to a state court. See also *Powerex Corp. v. Reliant Energy Services, Inc*., 551 U.S. 224, 127 S.Ct. 2411, 2419, 168 L.Ed.2d 112 (2007) (stating that the City of Waco Court "cautioned that the remand order itself could not be set aside").)), after the court effectuated the remand order the court no longer has jurisdiction. (See, <u>Quaestor Investments, Inc.,</u> 997 S.W.2d at 228–29 (stating that a remand from federal court to state court terminates the jurisdiction of the federal court over the case and revests the state court with jurisdiction. In the alternative the Elizabeth Thomas moves to withdraw the reference and demands a jury trial.

## CONCLUSION

WHEREFORE, because portions of Primary Residential Mortgage, Inc. and Meritage Homes of Texas, LLC, Motion for Compensation which seeks review of prior remand orders is prohibited by law to Section 1452(b). Attorney James M. Andersen and Elizabeth Thomas ask the Court to strike those portions and Exhibits B-thru M and for such further relief the court deems proper and just.

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 28, 2024, the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

By:/s/James M. Andersen
James M. Andersen

EXHIBIT-1

# AMENDED IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ELIZABETH THOMAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | ADVERSARY NO.: 24-03066 |
| | § | |
| MERITAGE HOMES OF TEXAS, | § | |
| Et Al. | § | |
| *Defendants.* | § | |

## AMENDED EXHIBIT LIST

**EXHIBIT A:** Transcript of May 1, 2024 Hearing

**EXHIBIT B:** Order signed April 15, 2019 by Judge David Hittner, Case No. 4:19-cv-00559

**EXHIBIT C:** Order of Sanctions and Preclusion signed April 15, 2019 by Judge David Hittner, Case No. 4:19-cv-00559

**EXHIBIT D:** Order signed February 16, 2023 by Judge Alfred Bennett, Case No. 4:22-cv-00705

**EXHIBIT E:** Memorandum Opinion and Order Remanding Case signed March 30, 2023 by Judge George Hanks, Jr., Case No. 4:22-cv-00742

**EXHIBIT F:** Notice of Removal filed February 1, 2022 by Elizabeth Thomas, Cause No. 2018-14171, 133rd Judicial District Court of Harris County, Texas

**EXHIBIT G:** Order Dismissing and Remanding Case signed February 9, 2022 by Judge Jeffrey Norman, Case No. 4:2022-ap-03021

**EXHIBIT H:** Notice of Removal filed February 11, 2022 by Elizabeth Thomas, Cause No. 2018-14171, 133rd Judicial District Court of Harris County, Texas

**EXHIBIT I:** Amended Notice of Removal filed March 7, 2022 by Elizabeth Thomas, Cause No. 2020-35780, 80th Judicial District Court of Harris County, Texas

**EXHIBIT J:** Amended Notice of Removal filed March 9, 2022 by Colleen McClure, Cause No. 2017-76078, 333rd Judicial District Court of Harris County, Texas

**EXHIBIT K:** Notice of Removal filed April 11, 2024 by James Andersen, Cause No. 2016-87941, 333rd Judicial District Court of Harris County, Texas

**EXHIBIT L:** Order of Consolidation signed January 30, 2019, Cause No. 2017-76078, 333rd Judicial District Court of Harris County, Texas

**EXHIBIT M:** Order issued on November 25, 2019 by the United States Court of Appeals for the Fifth Circuit, Case No. 4:19-cv-00559

**EXHIBIT N:** Affidavit of Gwen E. Richard

**EXHIBIT O:** Affidavit of Kim Altsuler