IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

ELIZABETH THOMAS,
    *Plaintiff,*

ADVERSARY NO.: 24-03066

v.

MERITAGE HOMES OF TEXAS LLC
F/K/A MERITAGE HOMES OF TEXAS
LP. F/K/A LEGENCY MONTERY MTH
LENDING GROUP L.P, MERITAGE
HOMES CORPORATION F/K/A
MERITAGE HOMES F/K/A LEGACY
MONTEREY HOMES LP. PRIMARY
RESIDENTIAL MORTGAGE INC,
MARY A. LESTER, STEWAR TITLE
COMPANY, STEWART TITLE
GUARANTY COMPANYAND
MIRAMAR LAKE HOMEOWNERS
ASSOCIATION
    *Defendants*.

_____

**RESPONSE TO ATTORNEY'S AFFIDAVITS FOR ATTORNEY FEES**

_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Attorney James M. Andersen and Elizabeth Thomas files this response and objection to Primary Residential Mortgage Inc, counsel Gwen E. Richards Affidavit for Compensation for Attorney Fees [Doc. 21 Exhibit N] and Mertiage Homes of Texas LLC., counsel Kim Kulster Affidavit for Compensation for Attorney Fees [Doc. 21 Exhibit O], and for case shows the court:

    **SOLE ISSUE PENDING BEFORE THE COURT: COMPENSATION**

    1.    At the contempt hearing on May 1, 2024, the court extensively and in detailed question Ms. Thomas and Mr. Andersen, if they were aware of the contempt orders issued on April 16,

2019 February 16, 2023, and. March 30, 2023, which _enjoins_ and _prohibits_ Ms. Thomas and her counsel from removing cases from the Harris County District Court, Texas to the U.S. Southern District Court of Texas without first obtaining in advance written permission from the "Chief Judge of the Southern of Texas." Ms. Thomas and Mr. Andersen acknowledged that they were aware of the existence of the above-mention three (3) contempt orders.

2. At the contempt hearing on May 1, 2024 after Ms. Thomas and Mr. Andersen acknowledged that they were aware of the existence of contempt orders issued on April 16, 2019 February 16, 2023, and. March 30, 2023, and that the April 11, 2024, [April 25, 2024 same order refiled for administrative correcting request] filing of Notice of Removals {Doc. 1], in the U.S. Southern District Court of Texas were in direct violation in of the above –mention contempt orders. Ms. Thomas and Mr. Andersen acknowledged and agreed that that they were in contempt of said orders.

3. The Court April 23, 2024, the court had issued "Order to Show Cause for Contempt" in regard to Attorney James M. Andersen ("Andersen") and Elizabeth Thomas ("Thomas"), willfully violation U.S. District Court prior contempt orders issued on April 16, 2019 February 16, 2023, and. March 30, 2023, may purge their contempt at any time by withdrawing the notice of removal with prejudice against refiling.

4. On April 28, 2024, Ms. Thomas and Mr. Andersen filed a "Withdrawal of Notices of Removal with Prejudice" under the belief that this purged them of contempt as provided by the Courts April 23, 2024, Show Cause Order. [Doc. 10.].

5. Pending before Court at the time was MTH Lending Group L.P. "Motion for Remand" [Doc. 2 ], filed on April 19, 2024, solely by its counsel Attorney Dale Holidy of the Germer PLLC law firm.

6. On April 29, 2024, the Court granted MTH Lending Group L.P. "Motion for Remand" by issuing Remand Order remanding all named parties in Case No. 2016-87841, Case No. 2017-78078, Case No. 2017-82388 and Case No. 2017-0408 back to the 333rd District Court Harris County Texas. [Doc. 11] and resolved all removal and remand issues.

7. At the contempt hearing on May 1, 2024, the court reminded Ms. Thomas and Mr. Andersen, that although the court April 23, 2024, "Show Cause Order" allowed them to purge themselves of contempt by withdrawing with prejudice to refilling the April 11/25 2024, any adversely affected party may nevertheless seek appropriate compensatory relief for violation of the previously entered orders [contempt orders entered on April 16, 2019. February 16, 2023, and. March 30, 2023] which compensatory relief will only be considered after notice and hearing.

8. At the contempt hearing on May 1, 2024, MTH Lending Group L.P., counsel Attorney Dale Holidy of the Germer PLLC law firm sought compensatory relief in the form of attorney fees and expense for the time expended in preparing the "Remand Motion", for the April 11, 2024, Notice or Removal relied on April 25, 2024 in violation of the March 30, 2023, contempt order.

9. At the contempt hearing on May 1, 2024, the court allowed parties subject to MTH Lending Group L.P, April 19, 2024, Motion to Remand as a result of Ms. Thomas and Mr. Andersen, April 11/25, 2024 filing of the Notice of Removals in violation of the March 30, 2023, contempt order to mediate compensatory relief sought for attorney fees. No other party such as present

10. On May 1, 2024, Attorney Dale Holidy of the Germer PLLC law firm and Elizabeth Thomas entered a private room wherein although Attorney Andersen was present he did not

participate in the negotiations although he is listed as counsel of record in cause No. 2016-87841 for which MTH Lending Group L.P., is a party to the conflict is that Attorney Colleen M. McClure is still counsel of record for Thomas counsel in cause No. 2017-78078, for which MTH Lending Group L.P., is also party to so Thomas verbally terminated Attorney Andersen employment contract.

11. Attorney Holidy offered to release Ms. Thomas from all legal fees and cost associated with MTH Lending Group L.P., lawsuit, all legal fees and cost associated with the April 11/25, 2024, Notice of Removal in violation of the March 30, 2023, [Civil Action 22-742], and all legal fees and cost associated with the preparation of the April 19, 2024, Remand Motion, if Ms. Thomas agreed to non-suit her claims against MTH Lending Group L.P, with prejudice in the pending lawsuit under Cause No. 2016-87841 and Cause No. 2016-87841, both pending together in the 333rd District Court under Cause No. 2016-87841.

12. Attorney Holidy, never disclosed to Ms. Thomas that other counsel for the other parties in the lawsuit had also participated with him in preparing and securing the April 19, 2024, Remand Motion and Order. Primary Residential Mortgage Inc., or Meritage Homes of Texas LLC, never appraised the court that they to were adversely affected through there involvement with the preparation of the Motion to Remand that would subject Ms. Thomas separate legal fees and cost from MTH.

13. Based on Attorney Holidy, above mention representations to Ms. Thomas she agreed to non-suit her claims against MTH Lending Group L.P, with prejudice. To the extent that Attorney Holidy failed to disclosed the association with other counsel involved in securing the remand order with him resulting Ms. Thomas rescinds the none—suit of claims against MTH Lending Group L.P.

**STANDARD OF REVIEW**

14. In the Fifth Circuit, courts utilize both the "lodestar method" and Johnson factors in determining whether attorneys' fees are reasonable. "A court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) <u>In re Cahill</u>, 428 F.3d 536, 540 (5th Cir. 2005) (citing <u>Shipes v. Trinity Indus</u>., 987 F.2d 311, 319 (5th Cir.1993)).

15. The Johnson factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See*:<u>Johnson,</u> 488 F.2d at 717-19 (formatting from In re Adams, 516 B.R. at 372).

**OBJECTION TO ATTORNEY' S AFFIDAVITS FOR ATTORNEY FEES**

16. On May 1, 2024, at the contempt hearing the Court ruled that Primary Residential Mortgage Inc., an adversely affected party may seek appropriate compensatory relief for violation of the previously entered orders [contempt orders entered on April 16, 2019. February 16, 2023, and. March 30, 2023] and the present Aril 11/25/ 2024 removals against Ms. Thomas and Mr. Anderson.

17. On May 15, 2024, Attorney Gwen E. Richards, employed with the Irelan McDaniel PLLC, law firm filed an affidavit for attorney fees using the "lodestar method" in the total

amount of $12,195.00, as her Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding securing a remand, conferring with our client, conferring with the attorneys for the other affected parties, and attending a hearing on May 1, 2024. In performing this work, Attorney Richard worked a total of 27.1 hours *See* **Exhibit** N.

18. On May 15, 2024, Attorney Kim Altsuler employed with Peckar & Abramson, P.C., law firm filed an affidavit for attorney fees using the "lodestar method" in the total amount of $1,6840.00 as her Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding securing a remand, conferring with our client, conferring with the attorneys for the other affected parties, and attending a hearing on May 1, 2024. *See* **Exhibit** O

19. Mr. Andersen and Ms. Thomas oppose the affidavit of Attorney Kim Altsuler employed with Peckar & Abramson, P.C., law firm, and the affidavit of Attorney Gwen E. Richards, employed with the Irelan McDaniel PLLC, law firm request for attorney fees calculated by utilizing both the "lodestar method" and Johnson factors for time and labor on the grounds that they extended no time or labor occurring attorney fees in the following cases:

   a. Counsel's Attorney Kim Altsuler and Peckar & Abramson, P.C., along with Attorney Gwen E. Richards and Irelan McDaniel PLLC, cannot use the "lodestar method" to calculate Attorney fees or expenses associated with Civil Action **22-706**) Contempt Order issued on February 16, 2023,in the U.S. District Court, as they have not incurred any attorney fees in this civil action because none of the parties before this court were named as a party to this case.

   b. Counsel's Attorney Kim Altsuler and Peckar & Abramson, P.C., along with Attorney Gwen E. Richards and Irelan McDaniel PLLC, cannot use the "lodestar method" to calculate Attorney fees or expenses associated with Cause No. Contempt Order in Civil Action **22-742**) issued on March 30, 2023, in the U.S. District Court, as they have not incurred any attorney fees in this action because none of the parties before this court were named as a party to this case. On **June 6, 2022**, Attorney Colleen M. McClure filed a Notice of Removal on behalf of Alvin R. Mullen removing cause No. 2016- **879421**, from the 333rd District Court Harris County Texas (*collectively Miramar Lake Homeowners Association vs.*

*Elizabeth Thomas* Parent being Perez, Maria Dejesus vs. *Miramar Lake Homeowners Association* ) to the U.S. District Court for the Southern District of Texas Houston Division. **Ex. 1**. Mullen was a third party intervertor in the case. **Ex.2.** the only parties that the allowed to file pleadings and participate in the case was counsel for MTH Lending Group L.P. and Attorney Colleen M. McClure for Mullen. Primary Residential Mortgage Inc. and Meritage Homes of Texas LLC, were prohibited from filing pleadings in the case. See **Ex. 3** at pgs, 16 and 17 as such incurred spent any necessary time or labor resulting in attorney fees or expenses.

c. Counsel's Attorney Kim Altsuler and Peckar & Abramson, P.C., along with Attorney Gwen E. Richards and Irelan McDaniel PLLC cannot use the "lodestar method" to calculate Attorney fees or expenses associated with Cause No. Contempt Order in Civil Action19-559) issued on April 16, 2019, in the U.S. District Court, as they have not incurred any attorney fees in this action because (i) in the year of 2016 Attorney Kim Altsuler represented Meritage Homes of Texas LLC, while employed by Coats & Rose and the law firm confirmed by phone that she is no longer with the firm all attorney's are listed on their website. **Ex. 4**. . In the year of 2019, Attorney Gwen E. Richards and Irelan McDaniel PLLC, did not represent Primary Residential Mortgage Inc., as such did not incur any attorney fees based on any time and labor. At the Primary was represented by Attorney Jennifer Chang who was employed with the McKinney Taylor P.C. law firm.

20. Attorney James M. Andersen and Elizabeth Thomas objects to Attorney Gwen E. Richards, and Irelan McDaniel PLLC, law firm affidavit for attorney fees using the "lodestar method" as it is literally impossible for the determining the reasonable number of hours expended in this case ,or the court then determines the reasonable hourly rate as:(1) counsel only supports her proposed rates with a affidavit that provide "conclusory or otherwise unsupported evidence" that those rates are in line with other rates in the Texas market for attorneys with similar skill (2) counsel fails produce a time sheet showing the billing hours for this case (3) counsel has produce no billable invoices  (4) time and billing includes excessive, alleged emails that are redundant or unnecessary hours with parties not associated with the case  (3) there are no

billing records or other similar documentation recorded at or near the time the work was performed in support of the application; and (5) block billing of unnecessary hours terse descriptions of email activities.

21. Again in settling this case with MTH Lending Group L.P., Attorney Hoildy never disclosed that Attorney Gwen E. Richards, and the law firm of Irelan McDaniel PLLC, law firm were involved with the preparation of securing a remand order, The court should find that time Attorney Richards and the Law firm extended on case is $1,260.00 for attending the hearing and $1,350.00 for preparing a reply to this Motion.

22. Attorney James M. Andersen and Elizabeth Thomas objects to Attorney Kim Altsuler and the law firm of Peckar & Abramson, P.C, affidavit for attorney fees as this case using the "lodestar method" as it is literally impossible for the determining the reasonable number of hours expended in this case ,or the court then determines the reasonable hourly rate as:(1) counsel only supports her proposed rates with a affidavit that provide "conclusory or otherwise unsupported evidence" that those rates are in line with other rates in the Texas market for attorneys with similar skill (2) counsel fails produce a time sheet showing the billing hours for this case (3) counsel has produce no billable invoices (4) time and billing includes excessive, alleged emails that are redundant or unnecessary hours with parties not associated with the case (3) there are no billing records or other similar documentation recorded at or near the time the work was performed in support of the application; and (5) block billing of unnecessary hours terse descriptions of email activities.

23. Again in settling this case with MTH Lending Group L.P., Attorney Hoildy never disclosed that Attorney Kim Altsuler and the law firm and the law firm of Peckar & Abramson, P.C, were involved with the preparation of securing a remand order, The court should find that

time Attorney Altsuler and the Law firm extended on case is $1,260.00 for attending the hearing and $1,350.00 for preparing a reply to this Motion.

                                                    Respectfully submitted

                                                **JAMES M. ANDERSEN**
                                                  **ATTORNEY AT LAW**

                                              By:/s/James M. Andersen
                                              James M. Andersen
                                              Texas State Bar No.01165850
                                              P. O. Box 58554
                                              Webster, Texas 77598-8554
                                              Tel. (281)488-2800
                                              Fax. (281)480-4851
                                              jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

    I certify that on May  28, 2024, the foregoing document was served on all Counsel of record via the Court's ECF electronic notification system.

                                                By:/s/James M. Andersen
                                              James M. Andersen