IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELIZABETH THOMAS,** § | |
| Plaintiff § | |
| § | |
| v. § | ADVERSARY NO. 24-3066 |
| § | |
| **MERITAGE HOMES OF TEXAS, ET AL.,** § | |
| Defendants § | |

<u>**PRIMARY RESIDENTIAL MORTGAGE, INC. AND MERITAGE HOMES OF TEXAS, LLC'S JOINT MOTION FOR ORDER OF CIVIL CONTEMPT**</u>

**There will be a hearing on this motion on July 18, 2024 at 9:00 a.m. in Courtroom No. 404.**

Primary Residential Mortgage, Inc. ("PRMI") and Meritage Homes of Texas, LLC ("Meritage") file this Joint Motion for Order of Civil Contempt against Elizabeth Thomas ("Thomas") and James M. Andersen ("Andersen"), and respectfully show the following:

## I.   <u>INTRODUCTION</u>

1. Thomas and Andersen have defied and ignored this Court's Order to pay attorney's fees to PRMI and Meritage. On June 11, 2024, the Court entered an Order Granting Compensation, ordering Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash within 14 days of the entry of the Order. (Dkt. 29). Neither Thomas nor Andersen has paid one dollar to PRMI or Meritage. PRMI and Meritage therefore move for Thomas and Andersen to be held in contempt of court.

2. Thomas and Anderson have used the courts to endlessly tie PRMI, Meritage, and others up in frivolous lawsuits. These efforts resulted in orders from several District Judges within the Southern District prohibiting Thomas and Andersen from removing cases to the Southern District courts without first securing leave from the Chief Judge of the Southern District. Thomas and Andersen continued to remove cases to the Southern District as a means of extending

1

groundless lawsuits, thereby willfully violating multiple orders, including two orders from Judge Hittner in Civil Action H-19-559 on April 16, 2019 (the "Hittner Orders"); Judge Bennett in Civil Action 22-705 on February 16, 2023 (the "Bennett Order"); and Judge Hanks in Civil Action 22-742 on March 30, 2023 (the "Hanks Order") (collectively, the "Removal Orders"). Thomas and Andersen acknowledged on the record that they were aware of the orders and that their violations were willful. As a result, this Court ordered Thomas and Andersen to pay attorneys' fees to PRMI and Meritage incurred as a result of their last improper removal to this Court. The payments were due on June 21, 2024, but as of the filing of this motion, Thomas and Andersen have not paid or contacted counsel for PRMI and Meritage to make payment arrangements.

## II. UNDISPUTED FACTS

3.     On April 23, 2024, the Court ordered Thomas and Andersen to appear and show cause why they should not be held in civil contempt and sanctioned.

4.     On April 29, 2024, the Court remanded this proceeding and three others to the state courts in which each action originated. The Court retained jurisdiction over any compensatory civil sanctions or requests for compensation sought against Thomas and Andersen.

5.     On May 1, 2024, the Court conducted a show cause hearing relating Thomas and Andersen's ongoing violations of the Removal Orders. At this hearing, and in response to the Court's questioning, Thomas and Andersen admitted to their willful violations of the Removal Orders. Thomas and Anderson also acknowledged that they owe money to compensate certain opposing parties for their intentional violation of the Removal Orders. Thomas agreed to dismiss her suit against MTH Lending Group, L.P. with prejudice in order to resolve all issues in that case. The Court reminded Thomas and Andersen that any compensation sought by other defendants in relation to the violation of the Removal Orders remains before the Court.

6. The Court then established a process by which PRMI and Meritage could obtain a hearing to determine the appropriate amount of compensation due as a consequence of Thomas and Andersen's violations of the Removal Orders.

7. On May 15, 2024, PRMI and Meritage filed a Joint Motion for Compensation in compliance with the Court's directive.

8. On June 10, 2024, the Court conducted an evidentiary hearing on the Joint Motion for Compensation. On June 11, 2024, the Court entered an Order Granting Compensation, ordering Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash within 14 days of the entry of the Order. (Dkt. 29).

9. More than fourteen days have passed since the Court entered its Order Granting Compensation, but no funds have been tendered by either Thomas or Andersen to PRMI or Meritage. Neither Thomas nor Andersen has contacted counsel for PRMI or Meritage to discuss payment arrangements or any alternative arrangements.

### III. ARGUMENT AND AUTHORITIES

**A. The Court Has Authority To Find Thomas And Andersen In Civil Contempt.**

10. The Court possesses inherent authority to enforce its orders through civil contempt and may do so even after a final judgment in order to vindicate the sanctity of its prior orders and the court system in general. *Waffenschmidt v. MacKay,* 763 F.2d 711, 716 (5th Cir. 1985). A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

11. In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specific conduct by the

respondent, and (3) the respondent failed to comply with the court's order. *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004); *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). "Willfulness is not an element of civil contempt. *Petroleos Mexicanos*, 826 F.2d at 401; *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers Am.*, 609 F.2d 165, 168 (5th Cir. 1980) ("In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.") (citation omitted).

12. The clear and convincing evidence in a contempt proceeding is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitance, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). If the movant establishes a prima facie case, the respondent "may assert a present inability to comply with the order in question" as a defense. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

13. Contempt may be civil or criminal. *Int'l Union, United Mine Workers of American v. Bagwell*, 512 U.S. 821 (1994). Civil contempt is "designed to compel future compliance with a court order, [is] coercive in nature and avoidable through compliance." *Id.*

14. "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005). Civil contempt may be used for either or both of two purposes: to coerce the contemnor into compliance with the court's order and to compensate the complaining party for losses sustained. *Am. Airlines, Inc. v. Allied Pilots Ass'n.*, 228 F.3d 574, 585 (5th Cir. 2000).

15. When holding a party in civil contempt, courts have the power to order either imprisonment or the payment of fines. *Bagwell*, 512 U.S. at 827. Imprisonment for a fixed term is coercive, rather than punitive, when the party engaged in contempt is given the option of earlier release if he complies with a court order. *Id.* at 828. The court may set a per diem fine to coerce the contemnor to comply with an order and considers the following factors in setting the fine: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanction may impose; and (4) the willfulness of the contemnor in disregarding the court's order. *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (no abuse of discretion in imposing a $500 per diem sanction for contemnor's failure to comply with an order to produce certain documents requested in discovery).

## B. Thomas And Andersen Violated The Court's Order Commanding Them To Pay PRMI and Meritage.

16. Just as they ignored the Removal Orders, Thomas and Andersen have ignored this Court's order compelling them to compensate PRMI and Meritage for expenses incurred as a result of their violations of the Removal Orders. Thomas and Anderson have not paid amounts ordered. Further, neither Thomas nor Andersen contacted counsel for PRMI or Meritage to discuss seeking an extension, to propose payment terms that would allow for payment over time, or to discuss the possibility of dismissing the frivolous litigation against PRMI and Meritage as a means of resolving all outstanding issues. In short, Thomas and Andersen have completely ignored the Court's June 11, 2024, Order.

## C. Thomas's And Andersen's Actions Of Contempt Have Caused PRMI And Meritage To Incur Additional Attorney's Fees.

17. Thomas's and Andersen's acts of contempt without justification warrant enforcement by this Court, including, but not limited to, an assessment of costs and fees against them. Their collective failure to acknowledge and abide by the Removal Orders and the Court's

June 11, 2024, Order Granting Compensation have caused PRMI and Meritage to incur unnecessary expenses and delay in terminating this litigation and collecting the compensation awarded by this Court. PRMI and Meritage ask the Court to order Thomas and Andersen to appear and show cause why they should not be held in civil contempt; to award PRMI and Meritage their expenses, including attorney's fees, incurred in preparing this Joint Motion for Civil Contempt; and ultimately to hold Thomas and Andersen in civil contempt for their failure to comply with the Court's June 11, 2024, Order as this Court deems proper.

## IV.  **PRAYER**

For the foregoing reasons, PRMI and Meritage pray that this Court enter an Order:

(1) Granting PRMI's and Meritage's Joint Motion for Order of Civil Contempt;

(2) Ordering Thomas and Andersen to appear before this Court to show cause for failing to comply, or even attempting to comply, with the June 11, 2024, Order;

(3) Finding Thomas and Andersen in civil contempt;

(4) Imposing sanctions of $500 per day and imprisonment, as authorized by the law, until such time as Thomas and Andersen comply with the Court's June 11, 2024, Order or come to terms with PRMI and Meritage such that the parties jointly petition the Court for relief from that Order;

(5) Awarding PRMI and Meritage its expenses incurred in preparing this Motion, including its attorney's fees in an amount to be proven at the show cause hearing; and

(6) Granting PRMI and Meritage any and all such further relief at law or in equity to which the Court may find them justly entitled.

Respectfully submitted,

       **IRELAN MCDANIEL**
A Professional Limited Liability Company

By: */s/ Gwen E. Richard*
    Gwen E. Richard
    grichard@imtexaslaw.com
    State Bar No 16842730
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone:  713.222.7666
    Fax:      713.222.7669

**ATTORNEY FOR PRIMARY RESIDENTIAL MORTGAGE, INC.**

**PECKAR & ABRAMSON, P.C.**

By: */s/ Kim Altsuler*
    Kim Altsuler
    Federal Bar No. 21838
    State Bar No. 00796656
    kaltsuler@pecklaw.com
    1717 West Loop South, Suite 1400
    Houston, TX 77027
    Telephone: 713-568-1500
    Facsimile:  713-568-1490

**ATTORNEYS FOR MERITAGE HOMES OF TEXAS, LLC**

## CERTIFICATE OF CONFERENCE

    I certify that on July 3, 2024, at 10:16 a.m., I conferred by telephone with James M. Andersen, in his individual capacity and as counsel for Elizabeth Thomas, about the relief requested in Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion for Order of Civil Contempt.  I also conferred with both Ms. Thomas and Mr. Andersen by email on July 2, 2024.  Ms. Thomas and Mr. Andersen oppose the requested relief.

            */s/ Gwen E. Richard*
            Gwen E. Richard

## CERTIFICATE OF SERVICE

I certify that on July 3, 2024, a copy of Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion for Order of Civil Contempt was served by filing it with the Court's Case Management/Electronic Case Filing system and by email as follows:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email:  *jandersen.law@gmail.com*

Dale M. Holiday
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Email: *holidyefile@germer.com*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gwen E. Richard*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Gwen E. Richard