IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ELIZABETH THOMAS**<br>　　　　**Plaintiff** | §<br>§<br>§ | Adversary No. 24-03066 |
| V. | §<br>§ | |
| **MERITAGE HOMES CORPORATION F/K/A MERITAGE CORPORATION, F/K/A LEGACY MONTEREY HOMES LP; MERITAGE HOMES OF TEXAS LLC F/K/A/ MERITAGE HOMES OF TEXAS LP F/K/A LEGACY MONTEREY HOMES LP; MTH LENDING GROUP L.P.; PRIMARY RESIDENTIAL MORTGAGE INC.; MARY A. LESTER; AND STEWART TITLE COMPANY CAUSE NO. 2016-87941** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| 　　　　**Defendants** | | |

CAUSE NO. 2017-76078

| | | |
|---|---|---|
| **ELIZABETH THOMAS**<br>　　　　**Plaintiff** | §<br>§ | |
| v. | §<br>§ | |
| **MERITAGE HOMES CORPORATION** f/k/a Meritage Corporation, f/k/a Legacy Monterey Homes LP; **MERITAGE HOMES OF TEXAS LLC** f/k/a/ Meritage Homes of Texas LP f/k/a Legacy Monterey Homes LP; **MTH LENDING GROUP L.P.; PRIMARY RESIDENTIAL MORTGAGE INC.; MARY A. LESTER; and STEWART TITLE COMPANY;** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| 　　　　**Defendants** | §<br>§ | |

CAUSE NO. 2017-82388

| | |
|---|---|
| **ELIZABETH THOMAS** | § |
| Plaintiff | § |
| v. | § |
| | § |
| **MERITAGE HOMES OF TEXAS LLC** | § |
| f/k/a/ Meritage Homes of Texas LP f/k/a | § |
| Legacy Monterey Homes and | § |
| **STEWART TITLE GUARANTY** | § |
| Defendants | § |
| | § |

CAUSE NO. 2017-04089

| | |
|---|---|
| **MIRAMAR LAKE HOMEOWNERS** | § |
| **ASSOCIATION, INC.** | § |
| Plaintiffs | § |
| v. | § |
| | § |
| **ELIZABETH THOMAS** | § |
| Defendants | |

**JOINT RESPONSE TO MERITAGE HOMES OF TEXAS LLC, AND PRIMARY RESIDENTIAL MORTGAGE IN MOTION FOR CONTEMPT**

Attorney James M. Andersen and Elizabeth Thomas pro, se files this Joint Response to Primary Residential Mortgage Inc.,("PRMI") and Meritage Home of Texas LLC., ("Mertiage"), Joint Motion for Civil Contempt and for cause shows as follows:

**I.   INTRODUCTION**

1. On June 11, 2024, the Court entered an Order Granting Compensation, ordering Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash within 14 days of the entry of the Order. (Dkt. 29).

2. Thomas states that she has not ignored the Court June 11, 2024, instead she lacks the ability to comply with the order (e.g., impecunious contemnor cannot pay a fine). Thomas is retired and the only source of income is her monthly social security payments. The Court is free to issue an order directing those payments be made to the PRMI and Meritage. *See*: **Exhibit** A.

3. Attorney Andersen had made a statement which illustrates his present inability to pay. *See*: **Exhibit** B.

4. Movants objects PRIM and Meritage allegations that their exist any order from a District Court Judges within the Southern District prohibiting Andersen from removing cases is simply not true. On February 8, 2024 the Honorable Judge Alfred H. Bennett U.S.D.J., issued an order in the case styled as <u>Robert L. Thomas et al., vs. PCF Properties in Texas LLC, et al</u>, Cause No. 22 CV-705 clarifying that the "Aligned Litigants" (Elizabeth Thomas, James Allen, Robert L. Thomas and Allan Haye), must receive advance written notice from the Chief Judge of the Southern District of Texas before filing any notices of removal to include any and all removals from Harris County District Court. The court went on the clarify the Notice of Removal to the Delaware Court/ Doc. #77 Ex. 10. The Notice of Removal to the Delaware Bankruptcy Court was filed by Andersen a third party defendant who is also a attorney and is representing himself in the matter. Notably in the Court Order, the Aligned Litigants were barred from filing any notices of removal without written permission from the Chief Judge of the Southern District of Texas. See Doc.#75. But Andersen was not included as a one of the Aligned Litigants *Id.* Thus, the Court's order did not apply to him. *See*: **Exhibit** C.

## UNDISPUTED FACTS

5. On April 11, 2024, Attorney James M. Andersen on behalf of Elizabeth Thomas removed from the 333rd District Court, Harris County, Texas the following Cause No. 2016-87941 (the Parent Case) together with Case Cause Nos. 2017-76078, 2017-82388, and 2017-04089, all pending together with the parent case to the U.S. Bankruptcy Court for the Southern District of Texas.

6. On April 23, 2024 the issued a Show Cause Order for Contempt of Court and ordered Thomas and Andersen to appear and show cause why they should not be held in civil contempt and sanctioned.

7. On April 23, 2024, the Court ordered that Thomas and Andersen could purge themselves from Civil Contempt if they withdrew the Notice of Removal. On April 24, 2024, Thomas and Andersen withdrew the Notice of Removal.

8. On April 29, 2024, the Court remanded this proceeding Cause No. 2016-87941 (the Parent Case) and Case Cause Nos. 2017-76078, 2017-82388, and 2017-04089, were all together sent back to the 333rd District Court, Harris County, Texas for which they came. The Court retained jurisdiction over any compensatory civil sanctions or requests for compensation sought against Thomas and Andersen.

9. On May 1, 2024, the Court conducted a show cause hearing relating Thomas an Andersen's ongoing violations of the Removal Orders. At this hearing, **Attorney** Gwen E. Richard of the Irelan McDaniel Law Firm appeared on behalf of Primary Residential Mortgage Inc., a defendant in cause Nos. 2016-87941 and 2017-76078 pending together in the 333rd District Court, Harris County, Texas with the parent cause No. 2016-87941. Attorney Kim Altsuler of Pecker & Abramson PC appeared on behalf of Meritage Homes Corporation, and Meriage Homes LLC, defendants in cause Nos. 2016-87941, 2017-76078 and 2017-82388 pending together in the 333rd District Court, Harris County, Texas.

10. For the contempt motion to be granted, the court must find that the disobedient party not only failed to comply with a court order, but had the ability and financial resources and ability to pay but did, not. The judgment must also include a finding that either the defendant has the ability to comply with the court's order underlying the contempt and willfully

refuses to do so, or that the defendant had that ability but took action to divest himself of the ability to comply.

WHEREFORE, because Attorney James M. Andersen and Elizabeth Thomas shown that they lack the financial ability and resources to comply with the Court order the Parties motion should be denied and for such futher relief the court deems just,

Respectfully submitted,

THE JAMES M. ANDERSEN LAW FIRM

/s/James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
SBN: 20144
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

/s/ Elizabeth Thomas
Elizabeth Thomas Pro, Se
712 H. Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 21, 2024, the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

/s/James M. Andersen
James M. Andersen