IN THE UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ELIZABETH THOMAS | CASE NO. 18-23676 |
| OUT OF DISTRICT MAIN CASE *Debtor* | CHAPTER 13 |
| **ELIZABETH THOMAS** *Plaintiff* vs. | ADVERSARY NO.24-3066 |
| **MIRAMAR LAKE HOMEOWNERS ASSOCIATION INC.** *Defendants.* | |

## MOTION TO ALTER OR AMEND A JUDGMENT

James M, .Andersen (the "Movant"), files this Motion to Alter or Amend this Court's October 21, 2024, Supplemental Order Awarding Further Compensation (EFC 63), pursuant to Federal Rule of Civil Procedure ("Rule") 54(e) or in the alternative, under Rule 60(b) made applicable by Bankruptcy Rule 9054(b) for shows the Court as follows:

### 1. *Federal Rule of Civil Procedure Rule 59(e)*

There is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure. St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."); United States v. Fisch, No. H-11-722, 2018 WL 1541780, at *3 (S.D. Tex. Mar. 28, 2018) Motions to reconsider a final order or judgment may be brought under either Rule

1 | Page

59(e) or Rule 60(b).

James M. Andersen (the "Movant") bring this Motion under Rule 59(e) requesting that the court reconsider its decision to September 10, 2024, Supplemental Order Awarding Further Compensation (EFC 63), for the Movant's failure to appear at an in person Show Cause Hearing scheduled for October 21, 2024 at 9:00 A.M. on the Defendants Joint Motion for Contempt.

The Movant seeks the Court to reconsider its order as the failure to appear was not intentional or willful disregard for the court order. The Order of October 2, 2024 by (ECF Doc. 51) ordered Movant to appear on October 21, 2024 at 9:00 A.M. on the Court's Joint Motion for Contempt. Movant did not appear for reasons explained as follows.

On October 16, 2024, the Court issued it Order Granting A. Motion for Continuance (ECF Doc. 58). Movant viewed this Order on his computer at the same time he was talking on the telephone with my brother's medical doctor. (Movant is the sole caregiver for his brother who lost his memory in a fall in September, 2021). Movant was talking to the doctor when the doctor had to put movant on a brief hold. Movant had opened the document and briefly saw that it was a continuance and then reached over to his calendar and scratched through the hearing time on October 21, 2024 and then resumed the conversation with the doctor.

This was a horrible mistake for which Movant takes full responsibility. It was not a deliberate and intentional act on Movant's part not to appear at the Court. Movant would have appeared but for this action on his part. If Movant had taken more time to read the Order, then Movant would have realized that the continuance only applied to Elizabeth Thomas.

Movant was instead intensely focused on his conversation with his brother's doctor and not focused on the Order and its contents. Movant can only liken it to when driving and

concentrating and thinking of a something else and one runs a stop sign. It was not intentional but it did happen. Movant realizes that the Court's time and that of the other attorneys was wasted. However, Movant asks the Court to reconsider Awarding Further Compensation as Movant's basic income is social security and Movant does not really generate much income from the law practice as shown in stated of inability to pay and supporting bank statements submitted to the Court which Movant incorporates by reference herein.

### 2. *Federal Rule of Civil Procedure Rule 60(b)(1)*

In the alternative the Movant request that the reconsider the Order based on mistake, inadvertence, surprise or excusable neglect pursuant to Rule 60(b)(1).

However, Movant ask the Court to reconsider Awarding Further Compensation as Movant basic income of social security as Movant does not generate much income from the law practice as shown in state of inability to pay and supporting bank statements submitted to the Court which Movant incorporates by reference herein. Movant also acknowledges he seeks an extraordinary remedy under Rule 60(b) in accordance with the standards promulgated by the Fifth Circuit. *See Carter v. Fenner,* 136 F.3d 1000, 1007 (5th Cir. 1998) (stating that "the rule should be construed in order to order to do substantial justice.") (internal quotations and citations omitted).

Movant would point out that there are no countervailing equites-no claims of prejudice would arise from setting aside the award of additional compensation. Additionally, the record requires a finding of willfulness. This is a case of mistake. " 'Mistake', which as a common word should be given its common meaning, means to misunderstand the meaning or intention of something, to misinterpret it." *Transit Casualty Company v. Security Trust Company*, 441 F.2d 788, 792 (5th Cir. 1971). Movant's misunderstanding of the Order of Continuance fits this

description. When the Court entered its award of additional compensation, the Court had no evidence from Movant as to the cause of his non-appearance. Although Movant is not "free from fault" for his failure to appear, his conduct does not rise to the level of culpability or willfulness that should prevent the Court from setting aside the award of additional compensation entered on October 21, 2024.

Movant has already demonstrated to the Court that his ability to the already assessed compensation is very doubtful if not impossible given his current financial status. The imposition of paying additional compensation would make the burden that much more severe.

The Fifth Circuit has noted in *Dierschke, Matter of,* 975 F2d 181,183 (5th Cir. 1992) that Bankruptcy Rule 7055 provides that FRCP 55 applies to adversary proceedings. Rule 55(c) provides that "for good cause shown the court may set aside an entry of default." The Court went on to cite the three (3) factors in determining whether to set aside a default decree are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Dierschke*, p. 181. The Court went on say that these "are not talismanic". There are "other factors including whether: (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." *Dierschke*, 184.

Prayer

Movant prays that this Court will set aside its entry of additional compensation it entered on October 21, 2024 and enter other relief that Movant may be entitled to in law and equity.

Respectfully submitted

JAMES M. ANDERSEN
ATTORENY AT LAW

By: /s/ James M. Andersen
James M. Andersen
State Bar of Texas No. 01165850
P. O. Box 58554
Webster, TX 77598-8554
Tel. (281) 488-2800
Fax. (281) 480-4851
jandersen.law@gmail.com
Attorney at Law

Certificate of Service

I certify that on November 4, 2024, the foregoing document was served on all Counsel of record via the Court's ECF electronic notification system.

By: /s/ James M. Andersen
James M. Andersen

**Certificate of Conference**

I composed this document on Sunday, November 3, 2024. The offices of opposing counsel are closed. Therefore I report to the Court that they are opposed to this Motion.

By: /s/ James M. Andersen
James M. Andersen